[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Peter Malloy and Edward J. Bowers bring this action by a five-count complaint against defendants Alfred F. Delaney, Jr., Loren S. Delaney, The Zachary K. Delaney Trust, and John T. Short, Jr. Default judgments have been entered against all the Delaney defendants. The sole remaining claim is against defendant Short on an $80,000 promissory note. Short, in turn, has brought a third party complaint against defendant Attorney Richard Hartley III, alleging breach of an escrow agreement.
The facts are as follows: Defendant Short is a Connecticut attorney, who for some time prior to June 16, 1986, was a member of the Hartford law firm Delaney, Short 
Di Pentima. Attorney Alfred F. Delaney, Jr. (hereinafter Delaney) of that firm represented Cyma Corporation (hereinafter Cyma), of which plaintiffs were principals, and also represented the plaintiffs personally. More specifically, starting in 1983 Delaney represented Cyma in its negotiations with the Metropolitan District Commission (hereinafter MDC) to obtain a contract to convert sludge to fuel. In one Cyma proposal to MDC, dated October 10, 1985, defendant Short is listed as a Cyma vice president. By June, 1986 Cyma had associated with a foreign engineering firm, EBARA International CT Page 4082 Corporation, and was one of three companies being considered by MDC for the contract.
In June 1986 Cyma owed Connecticut National Bank $100,000 on a note dated September 20, 1984 on which its interest payments were current, and the bank was not claiming the principal was due. Its sole assets were drawings and designs of the proposed sludge to fuel plant and its potential of obtaining the MDC contract, which, if obtained, represented prospective profits "in the million dollar range."
Delaney was fully familiar with Cyma's financial condition in the spring of 1986, and the court infers that defendant Short, as Delaney's law partner, was similarly informed at that time. Delaney, on behalf of himself and Short, negotiated with the plaintiffs to purchase half of the plaintiffs' Cyma stock. On June 16, 1986 an agreement was entered into by plaintiffs, Loren S. Delaney, Trustee for the Zachary K. Delaney Trust and defendant Short containing the following terms: Plaintiffs sold to the Delaney Trust and defendant Short 3200 shares of Class A Common and 320 shares of Class A Preferred stock of Cyma for the price of $80,000; the buyers paid for the stock by a promissory note, signed also by Delaney individually, payable on demand, to the order of plaintiffs, in the principal amount of $80,000, bearing interest at the base rate charged by Connecticut National Bank in Hartford plus 2.5%, and providing for attorney's fees to effectuate collection. The note also provided it would be in default if default occurred on Cyma's $100,000 note to Connecticut National Bank, hereinafter CNB, dated September 26, 1984.
The sale of stock agreement stated the plaintiffs delivered the stock certificates, endorsed in blank, to Attorney Richard H. Hartley, as escrow agent for delivery or disposition according to the agreement. The terms of escrow were that when the $80,000 promissory note was paid in full, Hartley would re-deliver the share certificates to the Delaney Trust and defendant Short. If the buyers defaulted under the terms of the $80,000 note, the escrow agent, on being informed, "shall thereupon, and with reasonable dispatch, sell for the account of the Purchasers all or any part of the shares held by the Escrow Agent, at public or private sale, for fair market value, such quantities or lots as shall seem best to the escrow agent, in his absolute discretion. After first applying the proceeds of the sale to the payment of the expense of the sale, the Escrow Agent shall then apply the proceeds to the satisfaction of the unpaid Promissory Note of the Purchasers, and thereafter pay any surplus and deliver any unsold shares to the Purchasers." CT Page 4083
Cyma, with plaintiffs and Delaney participating, continued its efforts to obtain the MDC contract through the summer of 1986. In September, 1986 the MDC staff recommended the sludge to fuel contract be awarded to another corporation. In late September 1986, Cigna defaulted in its $100,000, 1984 note to CNB, and plaintiffs informed Delaney and Short and also Hartley that the buyers were in default under their note to the plaintiffs. In October MDC awarded the contract to the other corporation.
Hartley, within a short time after being informed of the buyers' default, set about attempting to sell the stock held in escrow. He communicated with prospective purchasers suggested by Delaney and the plaintiffs, and with a stockbroker associated with E. F. Hutton and Company. No person contacted expressed any interest in purchasing shares representing a minority interest on a closely-held corporation, the principal asset of which was a potential contract with MDC which Cyma, at that time, had no chance of winning. The court finds the escrow agent made every reasonable effort to sell the Cyma stock, but there was no market for it. An attempted public sale of the stock would have been futile.
The court finds plaintiffs have proven defendant Short failed, on demand, to pay the June 16, 1986 promissory note and there is, accordingly, due and owing on said note the principal of $80,000, interest, at the rate provided in the note to April 22, 1991, of $45,851.79, and reasonable attorney's fees of $13,186.57, making the total $139,038.36.
Defendant Short interposes the following defenses. (1) The promissory note sued upon lacks consideration; (2) a failure of consideration occurred; and (3) the purpose of the sale of stock agreement was frustrated. Each of these defenses is without merit.
Defendant correctly asserts that the promissory note and the sale of stock agreement, being part of the same transaction, should be construed together. Defendant claims the note lacked consideration because on June 16, 1986 when it was executed, Cyma was insolvent and its stock was worthless.
Cyma may well have been insolvent on that date measured by the statutory standard that it was unable to pay its debts as they became due and its liabilities exceeded its hard assets. Conn. Gen. Stats. 42a-1-201 (23). But defendant Short knew its financial condition when he entered into the sale of stock agreement and he signed the promissory note. Moreover, in June 1986 Cyma was in the running for the MDC CT Page 4084 contract which had the prospect of profits in the millions of dollars. Short knew of Cyma's chances of obtaining that potentially profitable contract, and that knowledge the court infers, very much influenced his decision to buy the plaintiffs' stock.
Insolvency of Cyma does not translate into lack of consideration for the sale of its stock. The prospects on June 16, 1986 of Cigna obtaining a million dollar contract establishes ample consideration for the sale. The subsequent failure to obtain that contract is irrelevant to the issue of consideration at the time the contract was made. Consideration can also be found in the mutual promises of the parties to the agreement. Osborne v. Locke Steel Chain Co., 153 Conn. 527,531 (1966).
Defendant Short claims failure of consideration of the sale of stock agreement because the escrow agent failed to deliver the shares to him. The agreement provided for delivery to Short when he paid the promissory note in favor of plaintiffs. Since he did not, he has no basis for claiming a right to delivery of the stock.
Finally, defendant claims frustration of the purpose of the contract because the 1984 CNB note was in default on June 16, 1986 so plaintiffs' $80,000 note was in default on the date it was executed. The facts are otherwise. Interest on the 1984 CNB note was current and the bank was not demanding the principal on June 16, 1986. It was not until September 1986 that the bank claimed a default and demanded payment.
Defendants' third party complaint against third party defendant Hartley asserts that Hartley violated the escrow agreement by failing to sell the stock when informed of a default in plaintiff's promissory note.
While an escrow agent is a fiduciary and charged with strict compliance with the terms of the escrow agreement, he is only required to exercise reasonable skill and ordinary diligence. 28 Am.Jur.2d Escrow, 16. In this case Hartley made a reasonable effort to sell the Cyma stock. He found, however, there was no market for a minority interest in a closely-held corporation. Particularly was this so in October 1986 when Cyma had lost out on the MDC Contract. Defendant failed to prove any negligence on the part of Hartley in the performance of his escrow duties.
Judgment may enter for the defendants against the defendant Short for $139,038.36; judgment may enter for the third party defendant Hartley on the defendant Short's CT Page 4085 third party complaint. Upon payment by defendant Short of the $139,038.36 to plaintiff, Hartley is ordered to deliver the shares of stock held in escrow to defendant Short.
ROBERT SATTER, J.